DOWD, J.

## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF OHIO
## EASTERN DIVISION

| | | |
|---|---|---|
| United States of America, | ) | |
| | ) | CASE NO. 1:04CR610 |
| Plaintiff(s), | ) | |
| | ) | |
| v. | ) | <u>ORDER</u> |
| | ) | |
| Richard Tisdale, | ) | |
| | ) | |
| Defendant(s). | ) | |
| | ) | |

**I**

The trial of the above captioned matter is scheduled to begin on Monday, August 8, 2005. (Doc. Nos. 79, 81.) On August 3, 2005, the Court received an envelope postmarked August 1, 2005, from Defendant Richard Tisdale. (Doc. No. 88.) The envelope contained a handwritten note requesting that the Court make copies of the enclosed documents for the parties, and was signed "Richard Tisdale Pro Se." (Doc. No. 88.) Also in the envelope were two motions. The first was styled as a Motion to Compel by "the Defendant Richard Tisdale Pro Se." (Doc. No. 88.) The second motion was styled as a "Motion for Appointment of Investigator and Researcher an [sic] to Proceed in Pro Se" and "ask[ed] that the Honorable Court allow the defendant to proceed Pro Se." (Doc. No. 88.) The Court conducted a hearing on Defendant Tisdale's Motion to Proceed Pro Se on Friday, August 5, 2005. Because the Court finds that Defendant's Motion would result in impermissible delay and is meant for purposes of delay, the Motion is DENIED.

**II**

(1:04CR610)

A criminal defendant has a constitutional right of self-representation and may proceed without counsel when he unequivocally, timely, voluntarily, and intelligently asserts that right. United States v. Martin, 25 F.3d 293, 295-96 (6th Cir. 1994); Robards v. Rees, 789 F.2d 379, 383 (6th Cir. 1986). See also Faretta v. Calif., 422 U.S. 806 (1975); Lewis v. Robinson, 67 Fed. Appx. 914, 919-20 (6th Cir.2003); United States v. Pleasant, 12 Fed. Appx. 262, 266-67 (6th Cir. 2001). "Although a self-representation request is typically timely if made prior to the selection and swearing of the jury, [the Sixth Circuit] has held that such a request is not timely 'when the prosecution makes an affirmative showing that the defendant's request for self-representation is merely a tactic to delay the proceeding.'" Lewis, 67 Fed. Appx. at 919 (quoting Robards, 789 F.2d at 383). "[C]ourts will balance any [assertion of the right of self-representation] against considerations of judicial delay." Martin, 25 F.3d at 295-96.

Here, Defendant mailed his motion one week prior to the start of trial. On July 25, 2005, one week prior to Defendant's mailing, the Court had conducted a Criminal Status Conference in this matter. At the Conference, the Court engaged in a rather lengthy colloquy with the Defendant. At no time during this colloquy, however, did Defendant indicate that he wished to assert his right of self-representation. After Defendant filed his Motion, he repeatedly indicated during the August 5, 2005 hearing that, if the Motion were granted, he would need a continuance of the trial date in order to prepare. Furthermore, the Government has nearly twenty witnesses ready to testify in this matter, and many of them are traveling from out of state. Moreover, Defendant has not indicated displeasure with the performance of his counsel. Indeed, at the hearing, Defendant indicated that his motion is not

2

(1:04CR610)

related to the performance of his counsel.

Thus Defendant had the opportunity to assert his right of self-representation at the July 25, 2005 Conference, but he did not. When Defendant finally did choose to assert his right, he repeatedly included the need for a delay. Defendant has not indicated any displeasure with the performance of his counsel. Additionally, the Government has nearly twenty out of state witnesses prepared to testify. The Court, therefore, concludes that granting the Motion would result in impermissible delay and that Defendant's Motion is merely a tactic to delay the proceeding. Consequently, the Motion is untimely.

### III

For the foregoing reasons, Defendant Richard Tisdale's Motion to Proceed Pro Se is DENIED

IT IS SO ORDERED.

|  |  |
|---|---|
| August 5, 2005 | /s/ *David D. Dowd, Jr.* |
| Date | David D. Dowd, Jr. |
|  | U.S. District Judge |