DOWD, J.

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| United States of America, ) | |
| ) | CASE NO. 1:04CR610 |
| Plaintiff(s), ) | |
| ) | |
| v. ) | ORDER |
| ) | |
| Richard Tisdale, ) | |
| ) | |
| Defendant(s). ) | |
| ) | |

**I**

Defendant Richard Tisdale sought to present to the jury the testimony of Mr. Ray Hellwig, a National City Bank employee, regarding whether Social Security cards are identity documents. The Government objected, arguing that whether Social Security cards are identity documents is a question of law for the Court to decide and, therefore, Hellwig's testimony should be excluded. The Government also asserted that Hellwig's testimony should be excluded because it is irrelevant. Because it is a question of law whether Social Security cards are identity documents, the Court SUSTAINED the Government's objection and excluded Hellwig's testimony.[1]  The Court also HOLDS that Social Security cards are "identification documents" within the meaning of 18 U.S.C. § 1028(d)(2).

**II**

---

[1] Prior to sustaining the Government's objection, the Court allowed Tisdale to proffer Hellwig's testimony.

(1:04CR610)

Tisdale is charged with violating 18 U.S.C. § 1028(a)(7) and conspiracy to, among other things, violate 18 U.S.C. § 1028(a) by committing fraud and related activity in connection with identification documents, in violation of 18 U.S.C. § 371.  Section 1028 defines "identification documents" as "a document made or issued by or under the authority of the United States Government . . .which when completed with information concerning a particular individual, is of a type intended or commonly accepted for the purposes of identification of individuals." 18 U.S.C. § 1028(d)(2).  In United States v. Quinteros, 769 F.2d 968, 970 (4th Cir. 1985), the Fourth Circuit held as a matter of law that "the Social Security card is commonly accepted as an identification card."  Although, the court there did cite to testimony from a Social Security Administration official, the court also examined the legislative history of § 1028 and concluded that "a fair reading of this legislative history reveals a congressional intent to include Social Security documents in [the generic group of government documents commonly accepted for identification purposes]." Id.  Furthermore, while courts of appeals "defer to the district court's factual findings and do not set them aside unless clearly erroneous," United States v. Stevenson, 396 F.3d 538, 541 (4th Cir. 2005), the court in Quinteros did not indicate that it was according any deference to the conclusion of the trial court and, thus, implied that it was not reviewing a question of fact.  See Quinteros, 769 F.2d at 970.  Moreover, the court noted that the Social Security Administration official testified that "the legend 'Not for Identification Purposes' was dropped from the card in 1972 because individuals nevertheless were using the card for identification purposes[,]" and concluded that "this reflects the common understanding that Social Security cards are identification documents." Id.

(1:04CR610)

Here, the Government argues that Hellwig should not be permitted to testify before the jury because whether Social Security cards are "identification documents" within the meaning of the statute is a question of law. The Court agrees that it is a legal question whether Social Security cards are "identification documents" within § 1028. The Government's objection to Hellwig's testimony, therefore, is SUSTAINED. Hellwig shall not be permitted to testify before the jury.

In Quinteros, the Fourth Circuit found as a matter of law that Social Security cards were "identification documents" within § 1028, and Tisdale points to no contrary legal authority.[2] The Court agrees with the Fourth Circuit's reasoning in Quinteros that Social Security cards are "identification documents" within § 1028. Tisdale argues that the conclusion reached in Quinteros is erroneous because Hellwig's testimony contained in the proffer indicated that National City Bank requires a form of identification to open an account and does not consider a Social Security card a form of identification. Hellwig, however, also testified that, because of the USA PATRIOT Act, National City Bank also requires an individual opening an account to present legal documentation showing a Social

---

[2] Tisdale has presented United States v. Tyson Foods, Inc., 258 F. Supp. 2d 809 (E.D. Tenn. 2003) as authority concluding that Social Security cards are not identification documents. In Tyson Foods, however, the court was analyzing whether Social Security cards are identification documents within the meaning of 18 U.S.C. § 1546(b), which prohibits the use of illegal identification documents for the purpose of satisfying a requirement of § 274(b) of the Immigration Nationality Act. Id. at 811. Section 1546(b), however, does not define "identification document," and the court in Tyson Foods, therefore, concluded that it was ambiguous whether Social Security cards fell within the prohibitions of the statute. Id. at 815-18. In reaching this conclusion, the court also stated that § 1028 did not apply to § 1546(b) and further distinguished § 1028 by noting that § 1028 applied to documents "commonly accepted" for identification, while § 1546(b) applied only to "identification documents." Id. at 817. Thus Tysons Foods dealt with a completely distinct statute with important distinguishing characteristics. The Court, therefore, concludes that Tyson Foods is inapposite to the present case.

3

(1:04CR610)

Security number and a Social Security card satisfies this requirement. Thus the Court concludes that National City Bank will accept a Social Security card as an identification document, even if they do not explicitly designate it as such. Hellwig's testimony, therefore, does not persuade the Court that Quinteros was wrongly decided. Consequently, the Court applies the well reasoned Quinteros opinion and holds that Social Security cards are "identification documents" within the meaning of § 1028.

### III

For the foregoing reasons, the Government's objection to the testimony of Ray Hellwig is SUSTAINED, and Hellwig shall not be permitted to testify before the jury. The Court further HOLDS that Social Security cards are "identification documents" within the meaning of 18 U.S.C. § 1028(d)(2).

IT IS SO ORDERED.


| August 13, 2005 | /s/ David D. Dowd, Jr. |
|---|---|
| Date | David D. Dowd, Jr. |
| | U.S. District Judge |