DOWD, J.

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| United States of America, | ) | |
| | ) | CASE NO. 1:04 CR 610 |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | MEMORANDUM OPINION |
| | ) | |
| Richard Tisdale, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

I.  Introduction

The Court conducted the sentencing hearing of the defendant on Monday, December 19, 2005.

The presentence report calculated the total offense level as follows:

> **Base Offense Level:** The United States Sentencing Commission Guideline for violation of 18 U.S.C. §371 is found I U.S.S.G. § 2X1.1(a) and refers the writer to use the guideline for he substantive offense.  In this case, Counts 4, 5, 6 and 9 are the substantive offenses, and a violation of 18 U.S.C. § 1028(a)(7), (Fraud), is found in Guidelines § 2B1.1(a)(2), and calls for a Base Offense level of 6.    6
>
> **Specific Offense Characteristic:** The total loss amount attributable to the defendant in this case is determined to be more than $1,000,000 (Sentencing Guideline Enhancement), for an increase of 16 levels, pursuant to § 2B1.1(b)(1)(1).    +16
>
> **Specific Offense Characteristic:** Because the offense involved more than 10 victims (victims of identity theft and computer stores), the offense level is increased by two (2) levels, pursuant to § 2B1.1(b)(2)(A).    +2
>
> **Specific Offense Characteristic:** Because the offense involved the possession or use of access making equipment and

(1:04 CR 610)

|  |  |
|---|---|
| unauthorized use of identification unlawfully to produce or obtain any other means of identification, and 5 or more means of unlawfully produced identification documents were made from other means of identification, the offense level is increased by two (2) levels, pursuant to 2B1.1(b)(10). In this case, the defendant used identification documents and birth certificates of the victims of identity theft (two minor children); a false identification document for his brother/co-defendant, Jon Tisdale; and false identifications and birth certificates for Kara McCrimmon, which were also used by codefendant Andrea Dent (5 or more).l | +2 |
| **Victim-Related Adjustments:** None. | 0 |
| **Adjustments for Role in the Offense:** Pursuant to U.S.S.G. § 3B1.1(a), the offense level is increased by four. The defendant was an organizer or leader of five or more participants in this offense. | +4 |
| **Adjustment for Obstruction of Justice:** None. | 0 |
| **Adjusted Offense Level (Subtotal):** | **30** |
| **Adjustment for Acceptance of Responsibility:** None. | 0 |
| **Adjusted Offense Level:** | **30** |
| **Chapter Four Enhancements:** None. | 0 |
| **Total Offense Level:** | **30** |

The calculations were disputed and the Court made the following rulings by employing the requisite burden of proof, i.e. a preponderance of the evidence.

## II. The Court's rulings

A. Base Offense Level.

The base offense level of six was not contested.

B. The total loss.

2

(1:04 CR 610)

The presentence report setting the loss in excess of $1,000,000 was modified, by concession of the government to be in excess of $400,000, so the addition of 16 levels was reduced to 14.

C.  The Number of Victims.

Contrary to the presentence report, the addition of two levels depends on *ten or more* victims and not more than ten victims.  The Court finds proof that B.J. Wholesale Club, Sam's Club, Comp U.S.A., Circuit City, Best Buy, Radio Shack, Office Depot, Office Max, Staples, Micro Center, Marushan Ivory and Jeanine Washington were all victims of the defendant's criminal conduct and thus, the addition of two levels has been established by a preponderance of the evidence.

D.  The proposed increase under U.S.S.G. § 2B1.1(b)(10).

That section provides for two additional levels in the alternative.  The section provides as follows:

> If the offense involved (A) the possession or use of any (I) device-making equipment, or (ii) authentication feature; (B) the production or trafficking of any (I) unauthorized access device or counterfeit access device, or (ii) authentication feature; or (c)(I) the unauthorized transfer or use of any means of identification unlawfully to produce or obtain any other means of identification, or (ii) the possession of 5 or more means of identification that unlawfully were produced from, or obtained by the use of another means of identification, increase by **2** levels.  If the resulting offense level is less than level **12**, increase to level **12**.

The Court finds by a preponderance of the evidence that the proof in this case establishes that the defendant was in possession of device-making equipment and alternatively, that the defendant was in possession of five or more means of identifications that were unlawfully produced.

3

(1:04 CR 610)

Thus, the Court finds that the proposed increase of two levels under U.S.C.G. § 2B1.1(b)(10) is appropriate.

E.  Role in the Offense

The Court finds that the defendant was an organizer or leader of five or more participants in the offense, namely Jon Tisdale, Gregory Khabner, Andrea Dent, Brenda Moore, and Arkeisha Ware justifies the addition of two levels for the defendant's role in the offense.

### III.  The advisory total offense level calculation prior to consideration of an upward departure

Based on the above findings, the Court finds that the total offense level is 28 prior to consideration of an upward departure based on the defendant's criminal history.

### IV.  The Upward Departure

The defendant's criminal history is extensive.  His adult convictions are set forth beginning at Paragraph 44 of the presentence report.  The defendant has nine convictions from 1973 through 1985 which do not account for criminal history points because of the age of the convictions.  Those convictions are described in paragraphs 44 through paragraph 52 of the pre-sentence report.

Beginning in 1987, the defendant's convictions resulted in criminal history points.  Those convictions are set forth in paragraphs 53 thru 63 and number 11 convictions that account for 23 criminal history points.  Two more criminal history points are added because the instant offense was committed less than two years following the defendant's release from custody.  Thus, the defendant has a total of 25 criminal history points.

4

(1:04 CR 610)

The Court provided the defendant with notice prior to the sentencing hearing that it was considering an upward departure from criminal history VI because the category VI understated the severity of the defendant's conduct. U.S.S.G.§ 4A1.3(a) provides:

> STANDARD FOR UPWARD DEPARTURE. If reliable information indicates that the defendant's criminal history category substantially under-represents the seriousness of the defendant's criminal history or the likelihood that the defendant will commit other crimes, an upward departure may be warranted.

The Court finds that there is a substantial likelihood that the defendant will continue to commit other crimes upon his release from custody based on the defendant's history of convictions outlined herein.

U.S.S.G. § 4A1.3(4)(B) provides:

> UPWARD DEPARTURES FROM CATEGORY VI. In a case in which the court determines that the extent and nature of the defendant's criminal history, taken together, are sufficient to warrant an upward departure from Criminal History Category VI, the court should structure the departure by moving incrementally down the sentencing table to the next higher offense level in Criminal History Category VI until it finds a guideline range appropriate to the case.

The Court finds that an increase of the offense level of 28 to 29 as the upward departure based on the defendant's criminal history is the guideline range appropriate to this case.

Consequently, the sentencing range is 151 to 188 months. The maximum sentence for the defendant's conviction of count one is five years. The maximum sentence for the remaining convictions is 15 years.

## V.  The Court's sentence

After considering the sentencing factors set forth in 18 U.S.C. § 3553(a), and the advisory sentencing guidelines calculation, the Court found no basis to engage in a variation

5

(1:04 CR 610)

from the advisory guideline range. Consequently, the Court imposed a sentence of 60 months for count one and a sentence of 120 months for the remaining convictions with the sentence of 120 months to be served consecutively to the 60 month sentence for a total of 180 months.

    The clerk is directed to attach a copy of this Memorandum Opinion to the sentencing judgment entry.

    IT IS SO ORDERED.


|  December 21, 2005  |  */s/ David D. Dowd, Jr.*  |
|---|---|
| Date | David D. Dowd, Jr. |
| | U.S. District Judge |